UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON,
    Plaintiff,

vs.                                          Case No.: 3:22cv4262/LAC/ZCB

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court on Plaintiff's "Motion for Preliminary Injunction and/or Protective Order." (Doc. 12). For the reasons below, the undersigned recommends that Plaintiff's motion be denied.[1]

### I.    Background

Plaintiff is a Florida Department of Corrections (FDOC) prisoner who is currently incarcerated at Florida State Prison (FSP). (*See* Doc. 12). Plaintiff's *pro se* civil rights complaint asserts a due process claim against two Defendants, Sergeant Jimmo at Okaloosa Correctional Institution (OCI) and Warden Davis at

---

[1] The case was referred to the magistrate judge for issuance of all preliminary orders and any recommendations regarding dispositive matters and motions for injunctive relief. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

FSP. (Doc. 21). Plaintiff alleges Sergeant Jimmo deprived him of some of his personal property without a hearing, and Warden Davis failed to "correct" the deprivation. (*Id.*). Plaintiff seeks compensatory damages against Defendants in their individual capacities. (*Id.*).

In his motion for preliminary injunction, Plaintiff alleges prison officials at FSP are retaliating against him for filing administrative grievances and this civil rights lawsuit. (Doc. 12 at 1-3). Plaintiff alleges the officials filed false disciplinary reports, failed to provide fair disciplinary hearings, fed him "air trays" for five weeks, conducted an illegal strip search, and failed to process a special withdrawal form to facilitate his payment of the filing fee in this case. (*Id.*). Plaintiff identifies only one offending official by name, J. Lingold. (*Id.* at 3). Plaintiff seeks an injunction enjoining Defendants and their agents from preventing him from paying the filing fee in this case. (*Id.* at 3-5).

## II.   Discussion

To receive a preliminary injunction, a movant must show that: (1) there is a substantial likelihood of success on the merits; (2) an irreparable injury will be suffered if the injunction is not granted; (3) the threatened injury to the movant outweighs any injury the proposed injunction might cause the opposing party; and (4) the injunction would not disserve the public interest. *In re Gateway Radiology*

*Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). Plaintiff has not met that burden here.

Plaintiff's motion for preliminary injunction is fundamentally flawed because the Court received payment of the filing fee on July 6, 2022. (Doc. 15). Plaintiff thus cannot show he will suffer irreparable injury if the injunction is not granted. Indeed, enjoining Defendants and their agents from preventing Plaintiff from paying the filing fee would be a meaningless gesture.

Additionally, the Court issued a separate order on today's date setting forth the facts underlying Plaintiff's constitutional claims and discussing the reasons why his factual allegations fail to state a plausible claim for relief against any Defendant.[2] At the conclusion of the screening order, the Court directed Plaintiff to either file a second amended complaint which cured the pleading deficiencies or notify the Court if he no longer wished to pursue his claims. Because Plaintiff's operative pleading

---

[2] The Court has a statutory duty to screen Plaintiff's complaint because he is a prisoner seeking redress from a governmental officer or employee. 28 U.S.C. § 1915A.

fails to state a claim against any Defendant, he has correspondingly failed to demonstrate, at this stage of the case, a substantial likelihood of success on the merits of his claims.

Plaintiff has failed to satisfy his burden of persuasion on the first and second prongs of the Eleventh Circuit's four-pronged standard. For this reason, his motion for preliminary relief should be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

Plaintiff's "Motion for Preliminary Injunction and/or Protective Order" (Doc. 12) be **DENIED**.

At Pensacola, Florida this 13th day of October 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**